## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF<br>MARY DOE, THE STUDENT,<br>BY AND THROUGH<br>HER PARENTS, L.G., MOTHER<br>AND D.G., FATHER, AND L.G. AND D.G.,<br>INDIVIDUALLY<br><br><br>         PLAINTIFFS.<br><br>VS.<br><br><br>KNOX COUNTY BOARD OF EDUCATION<br><br>         DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. _____<br>) JURY DEMANDED<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COME THE PETITIONERS,** through counsel, submitting this Complaint and showing:

### I.    PARTIES, JURISDICTION, AND VENUE

1. The Plaintiffs are Mary Doe, a minor student, who resides in Knox County with her parents, D.G., her father, and L.G., her mother.

2. Defendant Knox County Board of Education ("Knox County Schools") is a distinct legal entity with the capacity to be sued for injuries incurred as a result of the execution of its statutory duties and responsibilities.[1] It is a "public entity" within the meaning of the Americans with Disabilities Act, 28 C.F.R. §35.104, and receives federal financial assistance within the meaning

---

[1] *Howard v. Knox Cty.*, 2016 U.S. Dist. LEXIS 195637, at *17 (E.D. Tenn. Sep. 7, 2016)

of the Rehabilitation Act, 29 U.S.C. §794(a). Knox County Board of Education may be served with process by serving the Superintendent of Knox County Schools, at 912 South Gay Street, Knoxville, TN 37902.

3. This action arises out of the following Federal statutes: The Americans with Disabilities Act of 1990 (ADA), Pub. L. No. 101-336, 104 Stat. 327 (1990), 42 U.S.C. §§ 12101, *et seq.*, amended by the Americans with Disabilities Act (ADA-AA) with an effective date of January 1, 2009; and the Rehabilitation Act of 1973, §§ 504 and 505, as amended, 29 U.S.C.A. §§ 794 and 794a. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331.

4. Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the cause of action arose in Knox County and the Defendant may be found in Knox County.

## II. INTRODUCTION

5. This case involves Mary Doe and "Misophonia," where physical and emotional harm occurs from hearing the sounds of others chewing. The relief sought by Mary was a reasonable accommodation under the ADA and Section 504: a rule that students avoid chewing food and gum solely in Mary Doe's academic classrooms, absent a medical necessity. This accommodation was not to be school-wide, but, again, simply in Mary Doe's academic classrooms and, in fact, the "no eating or chewing" rule is commonplace in other Knox County public schools.

6. KCBOE refused the reasonable accommodation. It suggested the accommodation would require pat-downs and searches and seizures, and that Mary Doe must undergo a four-week "trial period," not *with* the accommodation, but *without* it. Faced with these obstacles to accommodation, Mary Doe and her parents were forced to enroll her in a private school that did

2

make the accommodation. Accordingly, in this case they seek reimbursement of the cost of the private school and other relief stated herein.

### III. FACTS

7. Mary Doe is a twelve-year-old seventh grader and a very strong student. Mary also has Misophonia, a disorder that causes her extreme distress upon hearing otherwise normal sounds of eating and gum chewing when in quiet spaces like her school's academic classrooms. *See When You Can't Stand the Sound of Chewing.*[2]

8. Mary requires an environmental accommodation in her *academic classrooms*: avoidance of chewing gum and eating food by others, absent a true medical need.

#### A. FOOD LIMITATIONS AND ENVIRONMENTAL RULES ARE ACCEPTED IN KNOX COUNTY SCHOOLS

9. Many Knox County schools already have common-sense rules limiting the consumption of food in academic classrooms. One such example is Central High School's "Food and Drink" Policy which states this rule: "No food and drink (except water) is permitted in classrooms or other instructional areas except by special permission." (See Attachment).

10. At other Knox County schools, bans on *particular* foods are implemented by rule. One example is below:



---

[2] https://www.nytimes.com/2022/09/08/well/Misophonia-chewing-noisetreatment.html.

11. Food or environmental accommodations are not limited to students. At one Knox County school, it is the *teacher* who requires an accommodation of environmental smells due to migraine headaches. The teacher simply implemented a fragrance ban, a classroom rule, by alerting her students/parents by email:

> "We are a fragrance free room. If you're mad, you can take this one out on me :) Strong perfumes and artificial fragrances give me migraines. If you want to smell like Sun Ripened Raspberries, please wait until you leave the room. A couple of times this year a student has sprayed on a lot of body splash in the room, used a very sweet smelling hand sanitizer, etc and it's made me ill. Not trying to be dramatic, but also not trying to get a migraine."

12. The teacher was not subjected to any ridicule or social media outbursts by KCBOE members or administration.

### B. RIDICULING THE REASONABLE ACCOMMODATION OF NO EATING OR CHEWING GUM DUE TO MISOPHONIA

13. Duke University's Center for Misophonia and Emotion Regulation (CMER) describe Misophonia as a "sound intolerance."[3] In simple terms, Mary's brain misinterprets some people-generated sounds, especially the sounds of others' chewing and eating. These sounds, insignificant for most people, cause *her* fear and anxiety in quiet spaces.[4]

14. When Mary hears these sounds, her nervous system triggers a fight or flight response. Thus, she cannot safely access her academic classes with the sounds of others engaged

---

[3] See Duke's CMER Director, M. Zachary Rosenthal, *Examining emotional functioning in misophonia: The role of affective instability and difficulties with emotion regulation* (February 2022), https://doi.org/10.1371/journal.pone.0263230

[4] Mary's *own* sounds of eating cause no distress. And in large areas with much background noise, Mary can manage her Misophonia. But in quieter places, like the classroom, or even dinner at home, she is unable to bear the sounds. (She eats dinner separately from family).

in chewing and eating. She needs an accommodation not unlike Central High School's (and many, many other Knox County schools) of no chewing food or gum, absent a medical need.

15. The condition of Misophonia, and the same accommodation Mary seeks, came to the attention of KCBOE in another case, *Jane Doe v. Knox County Board of Education.*[5] Instead of learning about this condition, Knox County's Mayor ridiculed it on social media, referring to it as *#gumgate*. Mary Doe and her parents became alarmed at this negative treatment, knowing she required the same accommodation for the same condition.

16. Unfortunately, the accommodation was also ridiculed by members of the KCBOE. One member wrote on Facebook: "They want to ban chewing in classrooms. I wish I was kidding," with a portion of the *Jane Doe* lawsuit appended. Of course, as shown immediately above, Knox County public schools do, in fact, allow environmental accommodations and do, in fact, ban eating and chewing gum in the classrooms without anyone wishing they were kidding.

17. Not only did the ridicule exist at highest levels of local government, young boys in Mary Doe's classes deliberately smacked gum in Mary Doe's face to trigger her reactions due to her disability. She suffered injury including panic attack and shame.

18. In truth, the accommodation of avoiding eating and chewing in the academic classroom is neither a joking manner nor one that should stoke fear. As Dr. Eric Storch of the Baylor College of Medicine explained in the *Jane Doe* case, patients with Misophonia suffer from heightened autonomic nervous system arousal (extreme anger, irritation, escape behavior, disgust) when confronted with specific sounds, often eating sounds. The patient experiences anxiety, anger, or fear while a behavioral component often involves fleeing to escape. Without escape, "they suffer extreme distress."

---

[5] No. 3:22-cv-63 (E.D. TN); *Doe v. Knox Cty. Bd. of Educ.*, 56 F.4th 1076 (6th Cir. 2023)

19. The reasonable solution—the accommodation—is forbidding eating or chewing gum in Mary Doe's classroom setting, with tolerances for medical necessities (and use of seating chart in those cases) may be necessary.

## C. DENIAL OF REASONABLE ACCOMMODATION TO MARY DOE

20. On September 13, 2022, Mary, through her parents, attended a School Support Team meeting under Section 504 (known as an "S-Team"). They requested no gum chewing or eating in her academic classrooms by others absent medical necessity. They also provided an informational handout about Misophonia.[6]

21. In response, Knox County's Section 504 Supervisor informed the parents that she had familiarity with Misophonia. However, the Supervisor, and the School Principal, informed Mary Doe's parents that the school would *not* modify rules about gum chewing and eating in Mary's academic classrooms. They offered no explanation of why Mary Doe's public school should be different than Knox County schools who operated with the rule, "No food and drink (except water) is permitted in classrooms or other instructional areas except by special permission."

22. The best they would do is make it *voluntary*—meaning that every teacher could do it, or not do it, classroom by classroom, if they *wanted to*. Of course, this made it all-the-more difficult—instead of a rule, Mary Doe would need mini-agreements within every classroom, teacher by teacher.

---

[6] Mary does *not* have, or need, or request, an Individual Education Plan (IEP) under the IDEA. Nor has Knox County ever referred or recommended Mary for an IEP. Again, regular education instruction works perfectly well. See, e.g., *Doe v. Knox Cty. Bd. of Educ.*, 56 F.4th 1076 (6th Cir. 2023)

6

23. On September 14, 2022, the parents asked the 504 Supervisor to advise whether each of her teachers *would* agree to the accommodation or not. In response, the Supervisor cagily said Knox County would *encourage* them but "[w]e will not *ask* teachers to ban gum chewing and/or eating food in class." (emphasis added). While confusing enough to *encourage but not ask*, the Supervisor ridiculed the accommodation by stating her belief that it was unreasonable because "we can't pat students down before they come in, and search students."

24. After all that, the Supervisor put a final nail in the accommodation coffin: she required Mary Doe to undergo a "four-week trial period." Instead of the trial period being *with* the accommodation in her classrooms, it was the exact opposite: Mary Doe would undergo a trial period *without* the accommodation in her classrooms. Mary Doe could not endure four weeks of suffering *without* the accommodation, as if she were a lab rat being subjected to an experiment.[7]

25. Without the accommodation, Mary would continue to be harmed, subjected to unnecessary panic, fleeing the classroom, unequal opportunity, and injury or illness. By *not* accommodating her needs, KCBOE was deliberately indifferent to causing her physical harm and preventing her from safely accessing her regular education classes.

26. Mary's family was required to remove her from public school at their own cost. A local private school offered to honor the gum and food chewing accommodation. Accordingly, Mary *has* enrolled in the private school at the parent's own expense, where she is progressing very well with the accommodation in place. She and her family must now seek reimbursement of the cost due to its failure to reasonably accommodate.

---

[7] Like a person with diabetes is not required to forego insulin, or a mobility-impaired student a wheelchair, Mary is not required to experience a month of harm through deprivation of the accommodation either.

7

## IV. CAUSES OF ACTION

27. The foregoing facts are incorporated. Plaintiffs bring the following causes of action against Knox County.

### SECTION 504 OF THE REHABILITATION ACT AND THE AMERICANS WITH DISABILITIES ACT

28. Under Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States…shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. §794(a).

29. Similarly, under the ADA, Knox County may not, by reason of disability, exclude the Plaintiff from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. §12132.

30. Under both Section 504 and the ADA, Knox County "shall make reasonable modifications *in policies, practices, or procedures* when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 CFR §35.130(b)(7)(2001) (504)(emphasis added); *Alexander v. Choate*, 469 U.S. 287, 301 (1985) (Section 504).

31. Under the ADA and Section 504, Defendant not only ridiculed the necessary accommodation and created a hostile educational environment (one she could not tolerate), but also breached the interactive process. It thus failed to make a reasonable modification under circumstances where it is required, in violation of 28 C.F.R. § 35.130(b)(7), and it excluded

8

Plaintiff from the full participation in her public education, in violation of 42 U.S.C. § 12132, 28 C.F.R. § 35.130, 29 U.S.C. § 794(a), and 34 C.F.R. § 104.4(b)(1)(i).

## V. RELIEF SOUGHT

32. Plaintiffs seek:

    (A) Reimbursement of costs of private school and out-of-pocket costs such as time and travel;

    (B) Prospective implementation of reasonable accommodation of no chewing and eating in her academic classrooms in order for Mary Doe to return, absent a true medical necessity (in which case physical distancing/seating arrangement) should be employed.

    (C) Training of personnel and Board regarding reasonable accommodations and diversity of disabilities;

    (D) Compensatory damages for being denied the opportunity and ability to meaningfully access the public school.

    (E) Recovery for their reasonable attorneys' fees and costs incurred in pursuing this action and for any other relief just and appropriate.

33. A jury is demanded.

            **GILBERT LAW, PLLC**

            /s Justin S. Gilbert
            Justin S. Gilbert (TN Bar No. 017079)
            100 W. Martin Luther King Blvd, Suite 501
            Chattanooga, TN 37402
            Telephone: 423-756-8203
            justin@schoolandworklaw.com

            &

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (TN Bar No. 28158)
139 Stonebridge Boulevard
Jackson, TN 38305
Telephone: 731-300-0970
jsalonus@salonusfirm.com